UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| DOLORES ROBINSON | : |
| | : |
| VS. | :  NO. 3:00CV661(RNC) |
| | : |
| MELVIN WEARING, ET AL. | :  JANUARY 9, 2004 |

**PLAINTIFF'S MEMORANDUM OF LAW**

The undersigned respectfully submits that as a matter of law the facts of this case establish a cause of action sounding in First Amendment retaliation and violation of the equal protection clause actionable under Section 1983.

To prevail on a First Amendment claim asserted under 42 U.S.C. § 1983, a plaintiff must prove by a preponderance of the evidence that (1) the expression at issue was constitutionally protected, (2) the alleged retaliatory action adversely affected his constitutionally protected expression, and (3) a causal relationship existed between the constitutionally protected expression and the retaliatory action. Camacho v. Brandon, 317 F.3d 153, 160 (2d Cir.2003); Dawnes v. Walker, 239 F.3d 489, 492 (2d Cir.2001), overruled in part on other grounds by, Phelps v. Kapnolas, 308 F.3d 180, 187 n. 6 (2d Cir.2002). "The First Amendment protects individuals' right to free speech and extends so far as to prohibit state action that merely chills speech. But, at the very least, the plaintiff must present evidence that the defendant's actions had an actual, non-

speculative chilling effect on plaintiff's speech. <u>Spear v. Town of W. Hartford</u>, 954 F.2d 63, 67-68 (2d Cir.1992) (holding that a lawsuit initiated by West Hartford and corresponding injunction as a basis for a First Amendment violation under § 1983 were insufficient to survive a 12(b)(6) motion where plaintiff did not allege that he changed his behavior at all in response); cf. <u>Mozzochi v. Borden</u>, 959 F.2d 1174, 1178-80 (2d Cir.1992) (holding, in qualified immunity context, that no constitutional deprivation occurred where it was undisputed that the plaintiff's speech was not inhibited by town's filling and prosecution of criminal charges).  The second Circuit has even concluded that unsubstantiated allegations of chilled speech do not satisfy the injury-in-fact prong for standing. <u>Bordell v. Gen. Elec. Co.</u>, 922 F.2d 1057, 1060-61 (2d Cir.1991) (holding insufficient for standing a subjective fear of prosecution and allegations of conduct forgone as grounds to establish chilling effect, where allegations are unsubstantiated and factual record presents evidence to the contrary)." <u>Colombo v. O'Connell</u>, No. CIV.A.300-CV1559-JCH, 2001 WL 1682575 at *2 (D. Conn. Dec. 27, 2001).

     At trial it is expected that the plaintiff will testify that as a result of her supervisors', Mr. Piasecki and Mr. Sorrention, retaliatory conduct there was chilling effect on her speech.  In particular their conduct of harassing her about taking time off for union business and waiting until minutes before scheduled activities to approve time off caused chilling.  The plaintiff's conduct of forgoing certain union grievance hearings because it was always a "hassle" getting out of work to attend the hearings and not requesting as much time off to attend to union Secretary business establishes that the

2

retaliatory action of her supervisors adversely affected her constitutionally protected expression. Specifically, on June 2, 1999 the plaintiff did not attend an Animal Shelter Meeting and on March 8, 2000 she did not attend a Grievance Hearing because of the retaliatory action of her supervisors. The supervisors' actions had the effect of chilling her conduct.

As a matter of law the facts of this case establish a cause of action sounding in violation of the equal protection clause actionable pursuant to Section 1983. In <u>Village of Willowbrook v. Olech</u>, 528 U.S. 562, 120 S. Ct. 1073 (2000), the Supreme Court articulated the well-established law applicable to equal protection claims. "Our cases," the court held, "have recognized successful equal protection claims brought by a 'class of one,' where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment. See <u>Sioux City Bridge Co. v. Dakota County</u>, 260 U.S. 441, 43 S. Ct. 190, 67 L. Ed. 340 (1923); <u>Allegheny Pittsburgh Coal Co. v. Commission of Webster Cty.</u>, 488 U.S. 336, 109 S. CT. 633, 102 L. Ed. 2d 688 (1989). In so doing, we have explained that '[t]he purpose of the equal protection clause of the Fourteenth Amendment is to secure every person within the State's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents.'" 120 S. Ct. at 1074-75. Citing <u>Sioux City Bridge Co.</u>, <u>supra</u>, at 445; <u>Sunday Lake Iron Co. v. Township of Wakefield</u>, 247 U.S. 340, 352 (1918). The court expressly held that to state an equal protection

violation it is sufficient, that "the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." 528 U.S. at 563. The motivation of the perpetrator is irrelevant. 528 U.S. at 565. *Cf.*, Jackson v. Burke, 256 F.3d 93, 97 (2d Cir. 2000) ("proof of subjective ill will is not an essential element of a 'class of one' equal protection claim").

"The Equal Protection Clause requires that the government treat all similarly situated people alike. City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985). Although the prototypical equal protection claim involves discrimination against people based on their membership in a vulnerable class, we have long recognized that the equal protection guarantee also extends to individuals who allege no specific class membership but are nonetheless subjected to invidious discrimination at the hands of government officials. *E.g.*, LeClair v. Saunders, 627 F.2d 606, 608-10 (2d Cir. 1980). The Supreme Court recently affirmed the validity of such 'class of one' claims 'where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.' Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (per curiam)." Harlen Associates v. Incorporated Village of Mineola, 273 F.3d 494, 499 (2d Cir. 2001).

"Where a plaintiff seeks to make out her prima facie case by pointing to the disparate treatment of a purportedly similarly situated employee, the plaintiff must show that she shared employment characteristics with that comparator so that they could be

4

considered similarly situated. . . .  In <u>Shumway [v. United Parcel Service, Inc.</u>, 118 F3d 60 (2d Cir. 1997)], we explained that such an employee 'must be similarly situated in all material respects' - not in *all* respects.  118 F.3d at 64 (emphasis added).  A plaintiff is not obligated to show disparate treatment of an identically situated employee.  To the contrary, <u>Shumway</u> holds that in those cases in which a plaintiff seeks to establish her minimal prima facie case by pointing to disparate treatment of a similarly situated employee, it is sufficient that the employee to whom the plaintiff points be similarly situated in all material respects. . . .  In other words, where a plaintiff seeks to establish the minimal prima facie case by making reference to the disparate treatment of other employees, those employees must have a situation sufficiently similar to plaintiff's to support at least a minimal inference that the difference of treatment may be attributable to discrimination."  <u>McGuinness v. Lincoln Hall</u>, 263 F.3d 49, 53-54 (2d Cir. 2001).

At trial, the plaintiff is expected to testify that she was intentionally treated differently than a similarly situated white female employee of the police department, Deborah Keyes, and that there was no rational basis for the different treatment.  The differential treatment was based on the impermissible consideration of race.  The plaintiff is expected to testify that she shared employment characteristics with that of Mrs. Keyes such that they could be considered similarly situated.  Specifically, that during the latter part of 1995 and 1996-1997 Deborah Keyes and the plaintiff both held

the position of Account Clerk II with the police department and were union members.[1] However, they were not treated similarly.

During those years Mrs. Keyes performed the bulk of the overtime offered for the position of Account Clerk II. The plaintiff requested over time but, was only offered over time work on one or two occasions. Account Clerk II's were not supposed to receive personal phone calls. Mrs. Keyes received numerous personal calls. When the plaintiff received personal phone calls, she was verbally reprimanded and received a written memorandum. Mrs. Keyes was chronically tardy with no disciplinary action taken. However, when the plaintiff was late she would be verbally reprimanded. Captain Sorrentino supplied Mrs. Keyes a new desk. The plaintiff requested one also and was told there was no money in the budget for her. Mrs. Keyes was allowed to change her lunch hour around to fit her schedule after that privilege had been revoked for other Account Clerks. The plaintiff was not given that privilege. Mrs. Keyes was allowed to work through her lunch hour and receive one hour of over time certain days. The plaintiff wanted to do the same thing and was not allowed. The plaintiff has been intentionally treated differently from another similarly situated and that there is no rational basis for the difference in treatment.

The defendant in this case continues to insist that Title VII is the exclusive remedy available to the plaintiff for her race bias equal protection claim. The defendant

---

[1] The plaintiff was elected union Secretary in 1998. In 1996 and 1997 she was a union steward.

6

is incorrect as a matter of law. One of the advantages of being a public employee is the ability to sue under Section 1983 for wrongs which in a private employment context would only be actionable, if at all, under such other legal theories as Title VII. Thus, for example, race or gender bias by a public employer constitutes disparate treatment in violation of the equal protection clause and is actionable under Section 1983 as well as under Title VII. Sherlock v. Montefiore Medical Center, 84 F.3d 522 (2d Cir. 1996); De La Cruz v. New York City Human Resources Administration, 82 F.3d 16 (2d Cir. 1996); Annis v. County of Westchester, 36 F.3d 251 (2d Cir. 1994); Gierlinger v. New York State Police, 15 F.3d 32 (2d Cir. 1994); Saulpaugh v. Monroe Community Hospital, 4 F.3d 134 (2d Cir. 1993); Beardsley v. Webb, 30 F.3d 524 (4th Cir. 1994); Police Ass'n of New Orleans v. City of New Orleans, 100 F.3d 1159 (5th Cir. 1996) (reverse discrimination); Southard v. Texas Board of Criminal Justice, 114 F.3d 539 (5th Cir. 1997) (sexual harassment and hostile environment); Weberg v. Franks, 229 F.3d 514 (6th Cir. 2000); Markham v. White, 172 F.3d 486 (7th Cir. 1999) (sexual harassment by DEA instructors); Wudtke v. Davel, 128 F.3d 057 (7th Cir. 1997); Cowan v. Strafford R-VI School District, 140 F.3d 1153 (8th Cir. 1998) (religious discrimination against teacher fired when parents complained that she showed a "magic rock" to their little darlings, thus presumably causing them to stray from the true faith); Crawford v. Davis, 109 F.3d 1281 (8th Cir. 1997); Nicks v. State of Missouri, 67 F.3d 699 (8th Cir. 1995) (affirming a $70,000 jury verdict for sexual harassment of an employee of a state-run mental health facility); Mockler v. Multnomah County, 140 F.3d 808 (9th Cir. 1998);

7

Gutowsky v. County of Placer, 108 F.3d 256 (9th Cir. 1997); Fuller v. City of Oakland, 47 F.3d 1522 (9th Cir. 1995); Bator v. State of Hawaii, 39 F.3d 1021 (9th Cir. 1994); Ramirez v. Department of Corrections, 222 F.3d 1238 (10th Cir. 2000); Whitney v. State of New Mexico, 113 F.3d 1170 (10th Cir. 1997) (claim of sex discrimination in denial of day care license upheld as to individual state official but dismissed on Eleventh Amendment grounds as to the state); Noland v. McAdoo, 39 F.3d 269 (10th Cir. 1994); Lankford v. City of Hobart, 27 F.3d 477 (10th Cir. 1994); Thigpen v. Bibb County, Georgia, Sheriff's Dept., 223 F.3d 1231 (11th Cir. 2000) (holding that in employment discrimination cases brought under Section 1983, the same analytic framework as that used in Title VII cases should be applied); Arrington v. Cobb County, 139 F.3d 865 (11th Cir. 1998); Brennan v. City of White Plains, 67 F. Supp. 2d 362 (S.D.N.Y. 1999) (Sweet, J.); Petrosky v. New York State Dept. of Motor Vehicles, 72 F. Supp. 2d 39 (N.D.N.Y. 1999) (sexual harassment by supervisor who by virtue of his official position had coercive power over plaintiff actionable under Section 1983 as equal protection violation since the supervisory position made his actions "under color of law").  See Seamons v. Snow, 84 F.3d 1226 (10th Cir. 1996) (applying the same rule to Title IX cases) [but note that the Second Circuit rejects this idea, Bruneau v. South Kortright Central School District, 163 F.3d 749 (2d Cir. 1998), cert. denied, 526 U.S. 1145 (1999)]; Hayut v. State University of New York, 127 F. Supp. 2d 333 (N.D.N.Y. 2000) (Hurd, J.) (same); Lyes v. City of Riviera Beach, 126 F.3d 1380 (11th Cir. 1997); Johnson v. City of Fort Lauderdale, 148 F.3d 1228 (11th Cir. 1998); Reed v. Town of

Branford, 949 F. Supp. 87, 89-90 (D. Conn. 1996) (Arterton, J.) (applying the rule to age discrimination claims); Quinn v. Nassau County Police Dept., 53 F. Supp. 2d 347 (E.D.N.Y. 1999) (Spatt, J.) (applying the rule to sexual orientation claims); Broadnax v. City of New Haven, 23 Conn. L. Rptr. No. 2, 45 (1998) (Pittman, J.) (applying the rule to state Fair Employment Practices Act claims). See also Marshall v. Switzer, 10 F.3d 925 (2d Cir. 1993), holding that a disabled client of the Office of Vocational Rehabilitation of the New York State Education Department could bring a Section 1983 action challenging the state's policy prohibiting reimbursement for "factory-installed" automotive equipment in violation of the Rehabilitation Act of 1973. But see Ericson v. City of Meriden, 113 F. Supp. 2d 276, 289-90 (D. Conn. 2000) (Goettel, J.), claiming to permit such litigation only when the section 1983 claim is "based on substantive rights distinct from Title VII" and not when used "to circumvent Title VII's limitations on damages and shorter statute of limitations." Citing Moche v. City University of New York, 781 F. Supp. 160, 168 (E.D.N.Y. 1992), and purporting to distinguish the clearly contrary holding of Saulpaugh v. Monroe Community Hospital, 4 F.3d 134, 143 (2d Cir. 1993), to say nothing of all the other contrary authorities cited above.

     As a matter of law the facts of this case establish a cause of action sounding in First Amendment retaliation and violation of the equal protection clause actionable under Section 1983.

        THE PLAINTIFF

BY:_____
      CHRISTY H. DOYLE
      WILLIAMS & PATTIS, LLC
      Firm Juris # 67904
      51 Elm Street
      New Haven, CT 06510
      203/562-9931
      FAX:  203/776-9494
      E-Mail: christydoyle@yahoo.com
      Her Attorney

### CERTIFICATION OF SERVICE

On January 9, 2004, a copy hereof was faxed to:

      MARTIN ECHTER, ESQ.
      Deputy Corporation Counsel
      165 Church Street
      New Haven, CT 06510


_____
CHRISTY H. DOYLE