UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2004 APR 7 A 7: 13

U.S. DISTRICT COURT

DELORES ROBINSON,                      :
                                       :
     Plaintiff,                        :
                                       :
V.                                     :    CASE NO. 3:00CV0661 (RNC)
                                       :
MELVIN WEARING and CITY OF             :
NEW HAVEN,                             :
                                       :
     Defendants.                       :

RULING AND ORDER

Delores Robinson, a longtime civilian employee of the New Haven Department of Police Services, brings this action pursuant to 42 U.S.C. § 1983 against the City and Chief Melvin Wearing alleging retaliation because of union activities in violation of the First Amendment and discrimination based on race in violation of the Equal Protection Clause. Plaintiff also asserts a claim of retaliation under the Connecticut Constitution. For reasons that became apparent at the final pretrial conference, plaintiff cannot prove essential elements of her federal claims. Accordingly, although no motion for summary judgment has been filed, the action will be dismissed in order to avoid a costly jury trial that would be an exercise in futility.[1]

---

[1] Under Federal Rule of Civil Procedure 16(c)(1), a properly conducted final pretrial conference may result in dismissal of claims even though no motion for summary judgment has been filed. See Fed. R. Civ P. Rule 16 (c) Adv. Comm. Notes (1983).

1

Background

Plaintiff, an African-American female, has been active in union affairs in connection with her public employment and is currently a union official. She alleges that from 1991 to 2000, she was treated unfavorably compared to co-workers in that she was denied pay increases, promotions, and a fair share of overtime.

In the course of the final pretrial conference, it was pointed out that plaintiff could not prevail on her claims at trial unless she proved that the alleged retaliation had caused her to limit her union activities, and that a Caucasian co-worker who got better treatment was similarly situated in that he or she was also a union activist. Questions were also raised about plaintiff's ability to prove a § 1983 claim against either of the named defendants.

Papers addressing these issues were subsequently submitted by the parties and a further conference was held by telephone. Based on the parties' written and oral submissions, I informed counsel that dismissal of the action appeared to be in order in light of plaintiff's evident inability to sustain her burden of proof on essential elements of her claims under § 1983. Following the conference, plaintiff's counsel submitted a letter asking for a written ruling. This ruling and order responds to that request.

Facts

At all relevant times, plaintiff has been active in union

affairs. In 1998, she was promoted from her position as union steward to union secretary. She claims that she did not attend two union-related meetings, one in June 1999, and one in March 2000, because two of her supervisors, James Sorrentino and Michael Piasecki, harassed her about taking time off and waited until the last minute to approve her request for time off to attend the meetings. She further claims that from the latter part of 1995 through 1997, Sorrentino and Piasecki gave preferential treatment to Deborah Keyes, a Caucasian female, who was also active in union affairs, with regard to overtime work and other work conditions.

First Amendment Retaliation

To establish a First Amendment violation, plaintiff must prove that retaliatory conduct "actually" or "effectively" chilled the exercise of her right to engage in union activity. See Curley v. Village of Suffern, 268 F.3d 65, 73 (2d Cir. 2001); Connell v. Signoracci, 153 F.3d 74, 79 (2d Cir. 1998). She must also prove that the retaliatory conduct would deter a person of ordinary firmness from exercising constitutional rights. See Davidson v. Chestnut, 193 F.3d 144, 150 (2d Cir. 1999). A "de minimis" level of retaliation or injury is insufficient. See Brennan v. Norton, 350 F.3d 399, 419 (3d Cir. 2003); Davis v. Goord, 320 F.3d 346, 353 (2d Cir. 2003). If plaintiff is able to establish a First Amendment violation, she can recover damages against the City if she is able to prove that the retaliatory acts resulted from a municipal policy or custom or the conduct of

a final policymaker. See Monell v. Dep't of Soc. Serv., 436 U.S. 658, 690-91 (1978); Clue v. Johnson, 179 F.3d 57, 62-63 (2d Cir. 1999). She can also recover against Chief Wearing if she is able to prove that her supervisors' wrongful conduct was caused by some action or inaction on his part. See Jeffes v. Barnes, 208 F.3d 49, 62 (2d Cir. 2000).

Plaintiff cannot establish a First Amendment violation because she cannot prove that retaliatory acts caused her to curtail her involvement in union activities. It is undisputed that she remained active in union affairs and even achieved higher union office despite the alleged retaliation. The fact that she did not attend two union meetings during a six-year period is insufficient to support a finding that her right to engage in union activity was actually chilled.

Even assuming plaintiff could establish that she was a victim of retaliation by her supervisors, she has no triable claim against either of the named defendants. She offers no proof that her supervisors' retaliatory acts resulted from a municipal policy or custom or the conduct of a final policymaker, as she must in order to recover against the City. And she offers no proof that Chief Wearing encouraged, acquiesced in, or even knew about the alleged retaliation by her supervisors.

Equal Protection Claim

Crediting plaintiff's allegations, her supervisors treated

her unfavorably compared to a Caucasian employee, Deborah Keyes, who also participated in union activities. Whether this disparate treatment raises a triable issue of race discrimination under the familiar three-step burden-shifting analysis applicable to such claims need not be addressed. Even assuming it does, plaintiff cannot recover against the City or Chief Wearing.

To establish liability on the part of the City for a violation of her constitutional right to be free from discrimination in employment based on race, plaintiff must show that the alleged disparate treatment by her supervisors resulted from a municipal policy or custom. See Gierlinger v. New York State Police, 15 F.3d 32, 33 (2d Cir. 1994)(unlike Title VII claim, § 1983 discrimination claim against employer cannot be based on vicarious liability). Plaintiff does not allege facts from which a municipal custom or policy of race discrimination can be inferred. See Walker v. City of New York, 974 F.2d 293, 297 (2d Cir. 1992), cert. denied, 507 U.S. 961 (1993). Nor do her allegations concerning disparate treatment by her supervisors indicate an unlawful practice so manifest and widespread as to reflect "constructive acquiescence of senior policy makers." Sorlucco v. New York City Police Dept., 971 F.2d 864, 871 (2d Cir. 1992) (citing St. Louis v. Praprotnik, 485 U.S. 112, 130 (1988) (plurality)). Finally, with regard to the claim against Chief Wearing, it is undisputed that he did not become chief until 1997, after the allegedly wrongful conduct ceased.

5

Conclusion

For the foregoing reasons, plaintiff cannot prevail on either of her § 1983 claims and they are dismissed with prejudice. The Court declines to exercise supplemental jurisdiction over plaintiff's retaliation claim under the Connecticut Constitution, which is dismissed without prejudice. The Clerk may close the file.

So Ordered.

Dated at Hartford, Connecticut this 6th day of April 2004.

_____
Robert N. Chatigny
United States District Judge